## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.:  22-CV-1677

MARIA DOMINGUEZ, an individual, and SALVADOR DOMINGUEZ, an individual,

       Plaintiffs,

v.

PRINCIPAL LIFE INSURANCE COMPANY, an Iowa corporation,

       Defendant.

---

## COMPLAINT

---

### INTRODUCTION

1.     Plaintiffs Maria and Salvador Dominguez ("**Plaintiffs**") bring this action to recover benefits under a group life insurance policy issued by Principal Life Insurance Company, an Iowa corporation (the "**Insurer**") pursuant to an employee benefits plan.

### JURISDICTION

2.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1332(a), and 29 U.S.C. § 1132(e)(1).

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

### PARTIES

4.     Plaintiffs are each an individual and reside in the City and County of Denver, State of Colorado.

5.      Plaintiffs are each a "beneficiary", as that term is defined by 29 U.S.C. § 1002(8) and used by 29 U.S.C. § 1132(a)(1).

6.      Insurer is a corporation formed under the laws of the State of Iowa with a principal place of business at 711 High Street, Des Moines, Iowa 50392.

7.      Insurer is an insurance company registered to do business in the State of Colorado.

8.      Insurer may be served through the Colorado Department of Regulatory Agencies, Division of Insurance, 1560 Broadway, Denver, Colorado 80202.

## **FACTS**

9.      David Dominguez was an employee of COCAL LANDSCAPE SERVICES INC. d/b/a COCAL LANDSCAPE ("**CoCal**").

10.      David Dominguez commenced working for CoCal on March 18, 2020.

11.      On or about June 6, 2020, David Dominguez was approved for time off to go to Mexico for his father's funeral.

12.      Due to complications from the COVID-19, David Dominguez was unable to return to the United States after the funeral.

13.      David Dominguez returned to Colorado and went back to work on September 12, 2020.

14.      During the period from June 6, 2020 to September 12, 2020, CoCal did not terminate David Dominguez's employment.

15.      During the period from June 6, 2020 to September 12, 2020, CoCal did not inform David Dominguez that he would lose his job if he did not return to work.

16.      When David Dominguez returned to work on September 12, 2020, CoCal did not require him to reapply for his job.

17.     David Dominguez worked for CoCal until February 18, 2021, when he contracted the coronavirus and developed COVID-19.

18.     David Dominguez died on March 21, 2021.

19.     By letter dated August 10, 2021, CoCal confirmed that David Dominguez was an employee at CoCal from March 18, 2020 until March 12, 2021, when he received his last paycheck before he passed away.

20.     At all relevant times, CoCal sponsored a group life insurance plan for its employees (the "**Plan**").

21.     The Plan is an "employee benefit plan", as that term is defined by 29 U.S.C. § 1002(3).

22.      The Plan was secured and evidenced by "Group Member Life Insurance Policy" No. 1113958 issued and underwritten by the Insurer (the "**Policy**").

23.     The Policy was issued in the State of Colorado.

24.     Upon information and belief, Insurer is the designated claim administrator for the Plan regarding claims for benefits under the Policy.

25.     David Dominguez duly enrolled in the Plan.

26.     David Dominguez designated Plaintiffs as the beneficiaries for the Plan and Policy.

27.     The Policy provides that:

A person will be eligible for Member Life Insurance on the first of the Insurance Month coinciding with or next following the date the person completes six consecutive months of continuous Active Work with the Policyholder as a Member.

28.     The Policy further provides that:

A Member will be considered Actively at Work if he or she is able and available for performance of all of his or her regular duties. Short term absence because of a regularly scheduled day off,

holiday, vacation day, jury duty, funeral leave, or personal time off is considered Active Work provided the Member is able and available for active performance of all of his or her regular duties and was working the day immediately prior to the date of his or her absence.

29.     The Policy does not define "short term absence".

30.     David Dominguez was able and available for active performance of all of his regular duties and was working the day immediately prior to the date that he left for Mexico for his father's funeral.

31.     David Dominguez completed six consecutive months of continuous Active Work with CoCal.

32.     David Dominguez was eligible for Member Life Insurance under the Policy.

33.     David Dominguez was eligible for Member Life Insurance no later than January of 2021, when he enrolled for Member Life Insurance.

34.     Following David Dominguez's death, Plaintiffs duly filed a claim for benefits with the Insurer.

35.     The Insurer denied the claim on the basis that David Dominguez started work with CoCal on September 18, 2020, and did not complete six months of Active Work.

36.     Plaintiffs duly appealed the decision of the Insurer.

37.     In the appeal, the Insurer admitted that David Dominguez started work with CoCal on March 18, 2020.

38.     The Insurer denied the claim on the grounds that David Dominguez did not complete six months of Active Work due to his approved funeral leave.

39.     The Insurer denied the claim on the basis that David Dominguez was not available for active performance of all of his regular duties while he was in Mexico.

40.     There is no requirement in the Policy that an employee, who is on an approved funeral leave, also be available for active performance of all of his or her regular duties.

41.     As both the administrator and payer of benefits under the Plan and Policy, Insurer had a conflict of interest in exercising its discretion to interpret the Plan and Policy and to deny benefits to Plaintiffs.

42.     Insurer did not take active steps to reduce potential bias and to promote accuracy in reaching its determination.

## COUNT I
### (ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B))

43.     Plaintiffs incorporate by reference all of the foregoing allegations as though fully set forth herein.

44.     Plaintiffs are each a "beneficiary", as that term is defined by 29 U.S.C. § 1002(8), of the Plan.

45.     Plaintiffs properly made a claim for benefits under the Plan.

46.     Plaintiffs are entitled to benefits under the Plan.

47.     Insurer has wrongfully denied benefits to Plaintiffs under the Plan.

48.     Plaintiffs have exhausted all of their administrative remedies.

49.     Plaintiffs have satisfied all conditions precedent to receiving benefits under the Plan.

50.     Plaintiffs are entitled to an award of benefits under the Plan.

51.     Plaintiffs are entitled to their reasonable attorney fees and costs pursuant to 29 U.S.C. § 1132(g)(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff's Maria Dominguez and Salvador Dominguez pray for relief and judgment against Principal Life Insurance Company as follows:

1.      Awarding Plaintiffs benefits of $100,000.00;

2.      Awarding Plaintiffs their reasonable attorney fees and costs;

3.      Awarding Plaintiff pre-judgment and post-judgment interest as may be allowed under the law; and

4.      Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiffs are entitled to and hereby demand a trial by jury.

Dated: July 6, 2022

Respectfully submitted,

/s/ Daniel J. Vedra
Daniel J. Vedra
Vedra Law LLC
1444 Blake Street
Denver, CO 80202
Phone: (303) 937-6540
Fax: (303) 937-6547
Email: dan@vedralaw.com